UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOR MARIA GARCIA RODRIGUEZ
(A-Number: 204-680-859),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY
DETENTION FACILITY,

Respondent.

Case No.  1:26-cv-2886-TLN-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Flor Maria Garcia Rodriguez entered the United States at an unknown time and was detained by ICE in 2025.  Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241.  Respondent argues that petitioner has not exhausted her administrative remedies.  For the following reasons, I recommend that the petition be dismissed.

**Background**

Petitioner entered the United States at an unknown time.  ECF No. 7-1 at 2.  There is no allegation or evidence that, prior to her present detention, petitioner has been detained.  Petitioner previously benefited from Deferred Action for Childhood Arrivals, but that has since expired.  *Id.* In June 2019, petitioner was arrested for burglary of a vehicle.  ECF No. 7-4 at 6.  She was later convicted of this crime.  *Id*. at 8.

1

In September 2025, petitioner was detained by ICE. *Id*. In December 2025, petitioner was afforded a bond hearing. ECF No. 7-4. While recognizing that the immigration court might not have jurisdiction to conduct petitioner's bond hearing, the immigration judge held that "[i]n the event that the court has jurisdiction, the court denies bond as [petitioner] is a danger to the community." *Id*. at 1. Specifically, the immigration judge found that while petitioner denied having a criminal history, she has been convicted of burglary of a vehicle, and that when petitioner was asked about the crime, she "stated she had forgotten about this conviction." *Id*. Accordingly, the immigration judge found that petitioner failed to meet her burden of establishing that she is not a danger to the community. *Id*. Petitioner waived her right to appeal that order. *Id*. at 2.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner claims that her detention violates the Fifth Amendment.[1] ECF No. 1 at 6. Respondent counters that the petition should be dismissed because, by not appealing the

---

[1] Petitioner also challenges the conditions of her detention. ECF No. 1 at 6-12. A habeas petition, however, is not the "proper mechanism" for such a claim. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement. A civil rights action, in contrast, is the proper method of challenging conditions of confinement.") (cleaned up).

immigration judge's ("IJ") order to the Board of Immigration Appeals ("BIA"), petitioner has not exhausted her administrative remedies under 8 U.S.C. § 1226(a).  ECF No. 7 at 2-4, 6-8.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  To decide whether exhaustion is required, courts consider the *Puga* factors to determine if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Where a court finds that the petitioner fails to exhaust prudentially required administrative remedies, it "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies."  *Id*. (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).  However, even if a consideration of the *Puga* factors favors prudential exhaustion, a court may nonetheless waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  *Id*. (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).  I begin by considering the *Puga* factors in turn.

First, I do not find that "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision."  *See Hernandez*, 872 F.3d at 988.  The IJ provided a written decision, and respondent does not argue that BIA consideration is necessary to generate a proper record.  *See* ECF No. 7-4 at 1-2; ECF No. 7.  Where, as here, the petitioner is entitled to a bond hearing under section 1226, courts have found that the first *Puga* factor weighs against prudential exhaustion.  *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025).

Second, I find that "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme." *See Hernandez*, 872 F.3d at 988. Indeed, "[g]ranting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth*, 2026 WL 45199, at *3 (finding that the second *Puga* factor weighs in favor of prudential exhaustion). Notably, the Court of Appeals has held that section 1226's procedures facially satisfy due process. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). While the Court of Appeals did not foreclose as-applied challenges, petitioner does not argue that section 1226's procedures violate her due process rights. *See id.*; ECF No. 1. I find that "relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum." *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

Third, I find that "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988. The BIA "has the authority to correct . . . erroneous factual determinations and evidentiary errors." *See Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. § 1003.1(d)(3)(i)-(ii)). There is no indication in the record that the BIA would decline to exercise jurisdiction over petitioner's appeal. Indeed, as noted, the immigration judge decided petitioner's custody status on the merits. Under these circumstances, I find that the third factor weighs in favor of prudential exhaustion.

Accordingly, while the first factor weighs against prudential exhaustion, the second and third factors support the finding that petitioner has failed to exhaust prudentially required administrative remedies.

As noted, a court may waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id*. To the extent that petitioner argues that the BIA will not provide effective relief, I disagree. As the court in *Martinez* held when considering a similar argument:

> Even assuming *arguendo* Petitioner had shown that immediate federal judicial review of his claims would be *more efficient*, this is not the same as demonstrating that the available administrative processes are inadequate and inefficient. Indeed, a version of Petitioner's argument could be made by virtually every litigant attempting to bypass the administrative process by proceeding directly to the federal courts. Permitting Petitioner to avoid the administrative scheme based solely on the additional time required to pursue administrative remedies would create an exception to exhaustion that would swallow the rule.

*Martinez*, 2025 WL 2689844, at *6 (emphasis in original).

I agree with the analysis in *Martinez* and find that petitioner has not established that her "administrative remedies are inadequate or not efficacious." *See Hernandez*, 872 F.3d at 988. Petitioner therefore has not demonstrated that the court should waive the exhaustion requirement. Accordingly, the petition for writ of habeas corpus should be dismissed without prejudice. *See Hernandez*, 872 F.3d at 988 (holding that a petition may be dismissed without prejudice where the petitioner has failed to exhaust administrative remedies); *Okoth*, 2026 WL 45199, at *4

(dismissing the petition because the petitioner failed to exhaust administrative remedies); *Martinez*, 2025 WL 2689844, at *7 (same).

### Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus, ECF No. 1, be dismissed without prejudice.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     June 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE