UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR MARIA G.R.,[1]<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-2886-TLN-JDP<br>(A# 204-680-859)<br>**ORDER** |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("the Petition"). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 25, 2026, the magistrate judge filed findings and recommendations to deny the Petition, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 13.) Neither party has filed objections. On July 9, 2026, Respondent filed a status report notifying the Court that Petitioner was removed from the United States on June 20, 2026. (ECF

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

No. 14.)

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court[.]").

Having carefully reviewed the entire file, the Court declines to adopt the findings and recommendations in light of the new information provided by Respondent, which reveals that this matter had been rendered moot by the Petitioner's removal prior to the filing of the findings and recommendations. *See, e.g.*, *Diestra Eleorreiaga v. Warden of Golden State Annex*, No. 1:26-cv-0680-TLN-JDP, 2026 WL 622844, at *2 (E.D. Cal. Mar. 5, 2026), *report and recommendation adopted sub nom. Harold D.E. v. Andrews*, 2026 WL 896161 (E.D. Cal. Apr. 1, 2026) (moot when petitioner removed to Peru); *Sandhu, v. Wofford, et al.*, No. 1:25-cv-0972-KES-EPG, 2025 WL 3523036 (E.D. Cal. Dec. 9, 2025), *report and recommendation adopted*, 2026 WL 714629 (E.D. Cal. Mar. 13, 2026) (moot when petitioner removed to India); *Vay v. Chestnut*, No. 1:25-cv-1810-SKO, 2026 WL 675130, at *1 (E.D. Cal. Mar. 10, 2026) (moot when petitioner removed to Vietnam). Mootness is a jurisdictional issue that the Court is obliged to raise *sua sponte*. *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005).

The Court admonishes Respondent's counsel for failing to timely update the Court with critical information as to Petitioner's removal. Counsel has wasted this Court's time and critical resources amidst a longstanding judicial emergency exacerbated by unprecedented volumes of habeas petitions.

In light of Petitioner's removal from the United States, IT IS HEREBY ORDERED:

1. The Court declines to adopt the findings and recommendations (ECF No. 13);
2. The Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED without prejudice as moot; and
3. The Clerk of Court is ordered to enter judgment accordingly and close this case.

//

//

IT IS SO ORDERED.

DATED: July 14, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE